

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00207-CV

IN THE INTEREST OF N.E.R., A CHILD

On Appeal from the County Court at Law No. 2
Randall County, Texas
Trial Court No. 77,830-L2, Honorable Matthew C. Martindale, Presiding

January 26, 2021

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant J.S.R. is the mother of four-year-old N.E.R. S.B. is J.S.R.'s mother and N.E.R.'s grandmother.[1] In March 2020, S.B. filed a suit in Randall County Court at Law Number Two affecting the parent-child relationship seeking termination of J.S.R.'s parental rights to N.E.R., termination of the parental rights of the child's unknown father, and adoption of N.E.R. On August 12, 2020, following a non-jury unitary final hearing,

---

[1] We use initials to protect the privacy of the child. *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2020); TEX. R. APP. P. 9.8(b). References herein to "N.E.R." or "the child" shall refer to the child who is identified by name in the August 12, 2020 Order of the trial court.

the trial court signed a final judgment terminating the parental rights of J.S.R. and the unknown father, granting the adoption, and changing N.E.R.'s name. The final judgment includes a sealing order providing "[a]ll papers and records in this case, including the minutes of the Court, are ordered sealed." The sealing order remains effective and is unaltered by our opinion and judgment on appeal.[2] J.S.R. did not participate in final hearing; a recital in the judgment states, J.S.R. "has made a general appearance and was duly notified of trial but failed to appear and defaulted."

J.S.R. timely filed a notice of appeal and is represented on appeal by pro bono counsel.[3] The unknown father was represented by an attorney *ad litem* at final hearing but did not file a notice of appeal.

The parties to this appeal have filed a "Joint Motion for Disposition Pursuant to Settlement." They ask that we render judgment effectuating their agreement, *see* TEX. R. APP. P. 42.1(a)(2)(A), or set aside the trial court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with their agreement. *See* TEX. R. APP. P. 42.1(a)(2)(B). We grant the request for this Court to render judgment effectuating the parties' agreement.

We accordingly render judgment modifying the August 12, 2020 Order as follows:

---

[2] In *In re N.E.R.,* No. 07-20-00207-CV, 2020 Tex. App. LEXIS 9791 (Tex. App.—Amarillo Dec. 3, 2020, per curiam order) we granted counsel for J.S.R. and S.B. access to the clerk's record and reporter's record for a limited period. All restrictions and limitations placed on counsels' use and dissemination of information contained in the sealed record remain in full force and effect.

[3] J.S.R. obtained pro bono counsel through the State Bar of Texas Appellate Section's Pro Bono Committee. In the trial court, J.S.R. did not have counsel and appeared pro se. Because the underlying case is a private termination suit the mandatory attorney *ad litem* appointment procedure of Family Code section 107.013 does not apply. *See* TEX. FAM. CODE ANN. § 107.013(a) (West 2019) (requiring appointment of counsel for an indigent parent who responds in opposition to termination in a suit filed by a governmental entity under Subtitle E).

Except as modified herein, all other findings, terms, provisions and orders set forth in the August 12, 2020 Order remain unchanged and in effect.

### *Child*

The following child is the subject of this suit:

Name: N.E.B. f/k/a N.E.R.

Sex: Male

Birth date: Stated in August 12, 2020 Order

### *Termination of Parental Rights*

**Mother**

The parties agree that J.S.R. has executed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided for by Chapter 161 of the Texas Family Code;

The parties agree that termination of the parent-child relationship between J.S.R. and the child is in the best interest of the child.

IT IS THEREFORE ORDERED that the parent-child relationship between J.S.R. and the child is terminated.

**Father**

In the August 12, 2020 Order, the trial court terminated the parent-child relationship between the Father and the child.

## *Post-Termination Contact*

IT IS FURTHER ORDERED that, pursuant to Texas Family Code § 161.2061, J.S.R. shall have limited and supervised access to the child for up to eight to twelve hours per month at such dates and times and on such terms as J.S.R. and Petitioner S.B. mutually agree to in advance. Unless otherwise agreed, J.S.R. shall have supervised access on the 1st and 3rd Sundays of each month between the hours of 12:00 Noon and 6:00 p.m. at a place as the parties mutually agree to in advance. In the event that S.B. cannot accommodate any particular 1st or 3rd Sunday, then another date and time will be arranged and agreed to by both parties.

IT IS FURTHER ORDERED that the above access shall be subject to and conditioned upon J.S.R. being drug free and sober at the time of access, and not being incarcerated.

IT IS FURTHER ORDERED that J.S.R. shall have the right to provide written communications to the child and the right, upon request, to receive the following information about the child:

(a) The county of the child's residence;

(b) The current telephone number and email address of S.B.; and

(c) All major health information about the child.

## *Adoption*

In the August 12, 2020 Order, the trial court found that all prerequisites and requirements for adoption had been met and that the adoption is in the best interests of

4

the child.  The trial court ordered the adoption of the child by S.B. and created the parent-child relationship between the child and S.B. for all purposes.  The trial court further ordered that the name of the child be changed to N.E.B.

The Order of Adoption is not changed by this modification order and the adoption was and is effective as of August 12, 2020.

### *Relief Not Granted*

IT IS ORDERED that all relief requested in this case and not expressly granted is denied.  All other terms of the August 12, 2020 Order not specifically modified in this order shall remain in full force and effect.

### Conclusion

Having granted the parties' joint motion and rendered judgment accordingly, TEX. R. APP. P. 42.1(a)(2)(A), J.S.R.'s appeal is dismissed.  Per the parties' agreement, costs of appeal are taxed against the party incurring them.  TEX. R. APP. P. 42.1(d).


Lawrence M. Doss
Justice

5